Filed 12/19/25  P. v. Fernandez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086056 |
| v. | (Super.Ct.No. FVI24003895) |
| JESUS FERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Melissa A. Rodriguez, Judge.  Affirmed.

Jesus Fernandez, in propria persona; and Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

1

## INTRODUCTION

Defendant and appellant Jesus Fernandez appeals the judgment, after a jury convicted him of bringing a controlled substance into a jail. (Pen. Code[1], § 4573.) We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged by information with arson of a structure or forest land (§ 451, subd. (c), count 1), arson of property (§ 451, subd. (d), count 2), and bringing a controlled substance into a jail (§ 4573, count 3). The information also alleged that defendant had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and various aggravating factors (§ 1170, subd. (b)(2); Cal. Rules of Court, rule 4.421).

Prior to trial, the prosecutor asked the court to dismiss counts 1 and 2, stating that the prosecution would only be moving forward with count 3. The court accordingly dismissed counts 1 and 2.

The case was tried before a jury. After the People rested at trial, defendant moved for an acquittal due to insufficient evidence of there being a usable amount of methamphetamine, pursuant to section 1118.1. The court denied the motion, noting two witnesses testified at trial regarding the amount being usable.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

A jury convicted defendant of bringing a controlled substance into a jail[2] (§ 4573). The court had a bifurcated hearing on the prior conviction allegations and aggravating factors. The court found true the prior strike conviction and the aggravating factors. Defendant submitted a *Romero*[3] motion, which the court denied. It then sentenced defendant to four years in state prison.

FACTUAL BACKGROUND

On October 1, 2024, Officer Fleming transported defendant to the High Desert Detention Center (HDDC), to be booked. Once he arrived there, defendant walked past a sign stating that he was entering a jail facility, that he would be subject to a search, and that it was a felony to bring any narcotics or unauthorized drugs into the facility. Officer Hinojosa conducted defendant's booking process and did a body scan of defendant, which revealed an unknown dark object in his rectum area. Officer Hinojosa noticed defendant trying to reach for his back area, so he conducted a strip search of defendant and discovered a small white object in defendant's rectum. The officer had defendant remove the item and hand it to him. The object was three to four pieces of a white crystalized substance, wrapped in toilet paper, and the substance appeared to be methamphetamine. Officer Hinojosa believed it was a usable amount.

---

[2] We note the verdict form states that the jury found defendant guilty of a violation of section 4573, as charged in count 1 of the information. However, the information lists the violation of section 4573 as count 3. Further, the court dismissed counts 1 and 2 and announced they would only be going to trial on count 3. Thus, the reference on the verdict form to count 1 appears to be a clerical error.

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

Officer Hinojosa showed the substance to Officer Fleming, who also believed it was methamphetamine and was a usable amount. Officer Fleming then read defendant his *Miranda*[4] rights and defendant indicated he understood his rights. Defendant admitted he knew the substance found in his rectum during the strip search was methamphetamine, and he knew he was not allowed to bring it into a jail facility.

A criminalist analyzed the substance and testified at trial that "the mixture of white crystalline product and the debris contain[ed] methamphetamine." She also testified that the substance weighed 0.06 grams. On cross-examination, the criminalist was asked about the debris and testified that it was "a minute amount of tiny brownish flaky solid particles" that was mixed with the methamphetamine. On redirect examination, the criminalist testified that the majority of the substance was methamphetamine.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether there was substantial evidence to support the jury's verdict and specifically its implicit finding that 0.06 grams of a substance which was determined to contain "methamphetamine mixed with particles of another brownish flaky substance, was a usable amount of a controlled substance." Counsel has also requested this court to undertake a review of the entire record.

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

4

We offered defendant an opportunity to file a personal supplemental brief, which he has done.  In a one-page, handwritten brief, defendant states that there are "multiple case numbers under [his] name," and says he "would like to ap[p]eal all of them." However, there is only one case listed in the Notice of Appeal, which is the instant case (no. FVI24003895).  Defendant also notes that he was originally charged with two counts of arson (counts 1 and 2), but those charges were dismissed.  He simply asks whether the People would "have to drop" count 3 (bringing a controlled substance into a jail), since they dropped the arson charges that led to his arrest.  In its discretion, the People asked the court to dismiss counts 1 and 2 since it decided to only go forward with count 3.  In any event, a jury has already convicted defendant of count 3.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

5